IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHALE T. JACKSON, SR. | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv364 |
| CLARENCE MOSLEY, JR. | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff Michael T. Jackson, formerly an inmate confined at the Hightower Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983.

Discussion

At the time this action was filed, plaintiff was a prisoner confined in the Texas Department of Criminal Justice. Plaintiff paid an initial partial filing fee of $3.33 and was allowed to proceed *in forma pauperis*. Plaintiff, however, remained responsible for the payment of the remainder of the full $350 filing fee in accordance with 28 U.S.C. § 1915(b)(1).

Plaintiff is no longer a prisoner confined in the Texas Department of Criminal Justice. Since plaintiff has been released from prison, his ability to proceed as to the remainder of the filing fee is now governed by 28 U.S.C. § 1915(a)(1). Plaintiff may proceed by paying $346.67, the balance of the full filing fee owed, or by being granted permission to proceed *in forma pauperis*.

Plaintiff has submitted an application to proceed *in forma pauperis*; however, the application does not provide sufficient information from which to make a determination concerning his

financial status. Accordingly, a hearing was scheduled for February 18, 2010 to hear testimony from the plaintiff concerning his financial status. A review of the docket reveals that plaintiff failed to appear for the hearing.

Fed. R. Civ. P. 41(b) authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962).

By failing to appear for the hearing scheduled in this action, plaintiff has failed to diligently prosecute this case. Accordingly, this case should be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

## O R D E R

For the reasons set forth above, plaintiff's complaint should be dismissed for want of prosecution. A final judgment will be entered in the case in accordance with this memorandum.

**SIGNED** this the **22** day of **February, 2010.**

Thad Heartfield
United States District Judge